Turley, J.
delivered the opinion of the court.
The prisoner was indicted in the circuit court of Smith county for the offence of stealing a horse, saddle, bridle, martingale and blanket. He was put upon trial and convicted by the jury, and upon his motion the judgment was arrested, for a supposed defect in the bill of indictment, and the State appeals to this court."
There is but one count in the bill of indictment which charges that the prisoner, “on the 1st day of November, 1848, with force and arms, in the county of Smith, in the State of Tennessee, one sorrel gelding (called a sorrel horse) of the value of fifty dollars, one man’s saddle of the value of ten dollars, one blanket of the value of two dollars, one bridle of the value of two dollars, and one martingal of the value of two dollars, the property of John Bridges, in his possession being found, did then and there unlawfully, fraudulently and feloniously steal, take and carry away.”
It is now contended, that this bill of indictment is bad, because it embraces in one count, distinct and separate crimes, viz, horse stealing, grand larceny, and petty larceny, and that this defect may be taken advantage of upon motion in arrest of judgment, as well as by demurrer or on motion to quash.
*102 It is unquestionably true, that distinct and separate crimes cannot be charged against an offender in the same count of a bill of indictment, and that a bill of indictment, thus framed, is bad upon' demurrer, upon motion to quash and in cases of felony, most probably upon motion in arrest of judgment, but we do not deerh it necessary to determine the latter proposition authoritatively in the present cause, because we do not think that there are distinct and separate crimes charged in this bill of indictment; but one, and one only, viz, the stealing of the horse, together with the accoutrements appertaining to his use, a saddle and blanket, bridle and martingal. The crime is single. All the things are charged to have been taken at the same time, the same place, and to have been the property of the same individual. The crime being one, is indivisible, that is, the State could not maintain separate prosecutions against the prisoner for stealing the horse, for stealing the saddle, for stealing the blanket, for stealing the bridle, for stealing the martingal; for this would be to punish him five times for one offence, and yet this would be the consequence, if the positions assumed in behalf of the prisoner were sustained.
The principle in relation to this subject, as recognized by us, is, that there can be but one larceny at the same time and the same place, no matter how many different articles of different kinds and different values may have been stolen.
We therefore think that the circuit judge erred, in overruling the judgment in this case, and reverse the judgment pronounced by him; and proceeding to give such judgment as he should have given, direct that it be entered against the prisoner upon the verdict of the *103 circuit court, that he be confined in the penitentiary of the State for the term fixed by the jury, and pay the costs of the prosecution both in this and the circuit court.